SAMUEL TRISCHET *vs.* HAMILTON MUTUAL INSURANCE COMPANY.

A party to an action, who has given in evidence a letter addressed to him, may also, for the purpose of explaining its meaning, introduce a previous letter from himself to which this letter was a reply.

If the judge in a civil action gives a rule of damages, excepted to by the defendant, allowing the jury to go beyond a certain limit, and they find a verdict accordingly, which the judge directs to be set aside unless the plaintiff will remit the excess, and the plaintiff does so remit, the defendant has no ground of exception.

ACTION OF CONTRACT upon a policy of insurance. Trial and verdict for the plaintiff in the court of common pleas in Essex

at June term 1859, before *Perkins*, J., who signed a bill of exceptions, the material parts of which are stated in the opinion.

*J. W. Perry*, for the defendants.

*S. H. Phillips & A. B. Underwood*, for the plaintiff.

HOAR, J. It was conceded by the counsel for the defendants at the argument of this cause, that all the exceptions taken at the trial and presented by the bill of exceptions, excepting two, had been overruled by previous decisions of this court, and were therefore untenable. The only exceptions which we are called upon to consider are the following.

1. The plaintiff, to show the bias and prejudice against him of a witness called by the defendants, introduced in evidence two letters addressed to him by the witness; and then offered to prove the contents of a letter from the plaintiff to the witness, which had been lost, and to which the second letter of the witness was a reply. The defendants objected, on the ground that this would be permitting the plaintiff to give in evidence his own declarations and statements; but the court admitted the proof of the contents of the lost letter, and ruled " that it was competent for the consideration of the jury so far only in behalf of the plaintiff as it tended to qualify, explain or aid in the construction of the language of the witness, in the letters written by him and put into the case."

We think this ruling was clearly right. Where a letter is written in answer to another, it may often be unintelligible without referring to the previous one. By referring to the letter to which he is replying, the writer, to that extent, makes it a part of his own communication. Suppose that the first letter contained a question; and the reply was, " to the question contained in your letter I answer Yes." How could the meaning of the answer be ascertained by the jury, without knowing the question? We can perceive no just distinction between oral conversation and written correspondence, in this respect. Where a statement is made in the course of a conversation or correspondence, which is itself admissible in evidence, the rest of the conversation or correspondence must be admitted, so far as it is connected with and necessary to the full understanding of what

follows. In *Watson* v. *Moore*, 1 Car. & K. 626, Chief Baron Pollock held, that it was the duty of a party, putting in evidence a letter which purported to be an answer to another letter, to call for and put in at the same time the letter to which it purported to be an answer, and not to leave it to be put in by the other party.

2. The judge who presided at the trial admitted evidence of the actual extent of damage to some of the property insured, which was not wholly destroyed; and ruled that the jury might assess the actual damage. The defendants objected; and contended that the jury should be limited to the amount of damage which the plaintiff had claimed in his written notice of loss, which he had presented to the company in conformity with the by-laws. The amount thus claimed was fifteen per cent. The jury assessed the damages at a sum amounting to more than fifteen per cent.; and upon a motion made by the defendants for a new trial, the court directed the verdict to be set aside and a new trial to be had, unless the plaintiff would remit a certain sum from the verdict, which would reduce the damages below fifteen per cent. The plaintiff remitted accordingly.

We find in these proceedings no valid ground of exception. If the original rulings were erroneous, (which we do not mean to decide,) the error consisted in giving a rule of damages to the jury, which would allow them to go beyond a certain limit. The instruction did not affect the action of the jury in any other part of the case, or in any other respect. By remitting the excess above what the defendants claimed to be the true limit, they were placed in just as good a situation as if the right instruction had been given at first. If the court, by accident or design, required more to be remitted than should have been, the defendants are certainly not prejudiced by it. This court could have made an order for remitting the excess, if no such action had taken place in the court below, and probably would have done so.

It is argued by the defendants' counsel that the judge of that court had no right to do anything which would deprive them of the benefit of their exceptions, after a ruling had been made and acted on by the jury. But if the judge who tried the case was

satisfied that his ruling was wrong, it would be the best of reasons for granting the party aggrieved a new trial. And if, to avoid a new trial, the plaintiff was willing, by remitting his damages, to remedy the whole injury caused by the erroneous instructions, we can see no reason why he should not be permitted to do so. Instead of depriving the defendants of the benefit of their exceptions, it gave them the full benefit of them in the cheapest, most direct and expeditious manner.

*Exceptions overruled.*